# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| Yvonne Gates <br><br> Plaintiff(s) <br><br> v. <br><br> Novo Nordisk Inc; Novo Nordisk A/S <br><br> Defendant(s). | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: 2:25-cv-01672 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Brent Ball_____.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,
as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   ✓ Novo Nordisk Inc.

   ✓ Novo Nordisk A/S

   ____ Eli Lilly and Company

   ____ Lilly USA, LLC

   ____ other(s) (identify): _____

2

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Wiggins, Mississippi

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Mississippi

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Mississippi

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   _____

10. Jurisdiction is based on:

    ✓ diversity of citizenship pursuant to 28 U.S.C. § 1332

    ____ other (plead in sufficient detail as required by applicable rules):

    _____
    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    Sothern District of Mississippi, Southen Division

12. Venue is proper in the District Court identified in Paragraph 11 because:

    ✓ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

13.   If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    ✓    Ozempic (semaglutide)

    \_\_\_\_\_    Wegovy (semaglutide)

    \_\_\_\_\_    Rybelsus (oral semaglutide)

    \_\_\_\_\_    Victoza (liraglutide)

    \_\_\_\_\_    Saxenda (liraglutide)

    \_\_\_\_\_    Trulicity (dulaglutide)

    \_\_\_\_\_    Mounjaro (tirzepatide)

    \_\_\_\_\_    Zepbound (tirzepatide)

    \_\_\_\_\_    Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    September 2023 - May 2024

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    _____ Gastroparesis

    _____ Other gastro-intestinal injuries (specify) _____

    _____ Ileus

    _____ Ischemic Bowel/Ischemic Colitis

    _____ Intestinal Obstruction

    _____ Necrotizing Pancreatitis

    _____ Gallbladder Injury (specify) _____

    ✓ Micronutrient Deficiency

    _____ Wernicke's encephalopathy

    _____ Aspiration

    _____ Death

    _____ Additional/Other(s) (specify): Persistent vomiting, diarrhea, stomach aches, headaches, Nausea, abdominal pain

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    May of 2024

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✓ Injury to self

____ Injury to person represented

✓ Economic loss

____ Wrongful death

____ Survivorship

____ Loss of services

____ Loss of consortium

____ other(s) (specify): _____

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

- _____ Count I: Failure to Warn – Negligence
- _____ Count II: Failure to Warn – Strict Liability
- _____ Count III: Breach of Express Warranty/Failure to Conform to Representations
- _____ Count IV: Breach of Implied Warranty
- ✓ Count V: Fraudulent Concealment/Fraud by Omission
- ✓ Count VI: Fraudulent/Intentional Misrepresentation
- _____ Count VII: Negligent Misrepresentation/Marketing
- _____ Count VIII: Strict Product Liability Misrepresentation/Marketing
- _____ Count IX: Innocent Misrepresentation/Marketing
- ✓ Count X: Unfair Trade Practices/Consumer Protection (see below)
- _____ Count XI: Negligence
- _____ Count XII: Negligent Undertaking
- ✓ Count XIII: State Product Liability Act (see below)
- _____ Count XIV: Wrongful Death
- _____ Count XV: Loss of Consortium
- _____ Count XVI: Survival Action
- ✓ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See attachment "A" for counts V & VI
_____

    20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

        a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

> Mississippi Consumer Protection Act (MCPA), codified in Title 75, Chapter 24 of the Mississippi Code Annotated.  Specifically, Miss. Code Ann. § 75-24-5(1) prohibits unfair or deceptive trade practices

        b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

> See attachment "B"

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        A Mississippi resident asserting a products liability claim must do so under (MPLA), codified at Miss. Code Ann. § 11-1-63.

        The MPLA applies to any action for damages caused by a product, including claims based on strict liability in tort, negligence, and breach of implied warranty.

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        Failure to Warn - Negligence; Failure to Warn - Strict Liability; Breach of Express Warranty/ Failure to Conform to Representations; Breach of Implied Warranty; Negligent Misrepresentation/ Marketing; State Product Liability Misrepresentation/Marketing; Innocent Misrepresentation/ Marketing; Negligence; Negligent Undertaking.

    c. Identify the factual allegations supporting those claims:

        See pg. 173, et. seq., of Master Complaint (Failure to Warn - Negligence;) see pg. 184, et seq. (Failure to Warn Strict liability); see pg.199, et seq. (Breach of Express Warranty/ Failure to Conform to Representations); see pg. 199, et seq. (Breach of Implied Warranty); see pg. 227, et seq., (Negligent Misrepresentation/Marketing); see pg. 232, et seq., (Strict Product Liability Misrepresentation/Marketing); see pg. 238, et seq. (innocent Misrepresentation/Marketing); see pg. 245, et seq. (Negligence); and see pg. 248, et seq. (Negligent Undertaking).

***Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?   N/A  . If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: November 25, 2025

By: /s/ Alex F. Connolly
Alex F. Connolly (MS. Bar No. 101680)
Betsy J. Barnes (La. Bar No. 19473)
John C. Enochs (La. Bar No. 22774)
Mackenzi L. Saucier (LA Bar No. 40937)
MORRIS BART, L.L.C.
601 Poydras St. 24th Floor
New Orleans, LA 70130
Telephone: (504) 525-8000
Fax: (504) 599-3380
aconnolly@morrisbart.com
bbarnes@morrisbart.com
jenochs@morrisbart.com
msaucier@morrisbart.com
Attorneys for Plaintiff